GARDEN, JUDGE:
The claimant, a self-employed practical nurse from Wheeling, had traveled to Charleston to attend Governor Rockefeller’s Inauguration on January 17, 1977. As any who were in attendance can attest, the weather was extremely cold, and most of the grounds outside the Capitol complex were covered with a sheet of ice. The claimant was apparently working her way up to the speaker’s stand and was on a sidewalk which she described as being a glare of ice with people sliding everywhere. She was wearing leather, ribbed-soled boots without heels. She testified that she was not pushed or jostled but simply slipped on the ice which she recognized as being slippery and dangerous. In any event, this slippery condition caused her to fall, and, as a result, she suffered a fracture near the head of the humerus of her right arm.
She received emergency treatment at the Capitol Dispensary and was thereafter taken to Thomas Memorial Hospital where the fracture was diagnosed and where her arm was immobilized. Despite her injury, the claimant was of sufficient fortitude to return to the Capitol that evening, and she did attend the reception and dance in honor of Governor Rockefeller. She returned to Wheeling where she continued to receive medical treatment. At the time of the hearing in October, 1977, she testified that she had made a good recovery, but still was periodically required to obtain a cortisone injection in her right shoulder. Mrs. Flaherty testified that her out-of-pocket expenses resulting from her fall were in the amount of $646.00. Included in that amount was a $260.00 wage loss and an expense of $100.00 for hiring a third party to drive her invalid *51 husband to the hospital and doctor’s office. The balance represented her actual medical expenses.
Falling and sustaining a personal injury is always a most traumatic and painful experience, particularly when a person is many miles from home, and we have the greatest sympathy for the claimant, but, even assuming that the respondent was guilty of negligence in failing to exercise ordinary care to keep the Capitol grounds in a reasonably safe condition, we must conclude that the claimant is barred from recovering by virtue of the doctrine of assumption of risk. The law is clear that where a dangerous condition is created by one party and such dangerous condition is recognized as such by another party who nevertheless exposes himself to such condition and is injured as a result, the injured party is barred from recovery from the party who created such dangerous condition. We must, therefore, reluctantly refuse to make an award to claimant.
Claim disallowed.